CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT ALLAN UNGER, JR., ) | Civil Action No. 7:10-cv-00563 |
| Petitioner, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | By: Hon. James C. Turk |
| BRUCE CONOVER, ) | Senior United States District Judge |
| Respondent. ) | |

Robert Allan Unger, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under the May 2010 and September 2010 judgments of the General District Court of Clarke County, convicting him of making annoying phone calls, in violation of Virginia Code § 18.2-429, and obstructing justice, in violation of Virginia Code § 18.2-460. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the motion to dismiss because petitioner did not yet exhaust his state court remedies.

I.

On May 20, 2010, the Clarke County General District Court convicted petitioner of making annoying phone calls to emergency services in violation of Virginia Code § 18.2-429, and sentenced him to twelve months with all twelve months suspended. Commonwealth v. Unger, No. GC10002550-00 (Clarke County Gen. Dist. Ct. May 20, 2010). Nothing indicates that petitioner appealed to the Circuit Court of Clarke County.

On September 13, 2010, Unger filed a petition for writ of habeas corpus in the Clarke County Circuit Court challenging this conviction. Unger v. Roper, No. CL1001357-00 (Clarke County Cir. Ct. Sept. 13, 2010). The Circuit Court dismissed the petition on October 20, 2010, because, inter alia, petitioner did not appeal his conviction. Petitioner filed a notice of appeal of

the dismissal of his state court habeas petition with the Circuit Court; however, the Supreme Court of Virginia never docketed an appeal from his habeas petition's dismissal. Instead, the Chief Deputy Clerk of the Supreme Court of Virginia wrote petitioner a letter and advised him that the Clerk's Office could not provide him legal advice. Thus, the Supreme Court of Virginia never reviewed petitioner's habeas claims or arguments for relief from the Circuit Court's dismissal order.

On September 16, 2010, the Clarke County General District Court convicted petitioner of making annoying phone calls to emergency services, in violation of Virginia Code § 18.2-429, and sentenced him to twelve months' incarceration with no time suspended. Commonwealth v. Unger, No. GC10004702-00 (Clarke County Gen. Dist. Ct. Sept. 16, 2010). On September 20, 2010, petitioner noted an appeal of this conviction to the Circuit Court; however, petitioner withdrew his appeal and the Circuit Court dismissed the appeal on November 24, 2010.

The Clarke County General District Court also convicted petitioner of obstructing justice, in violation of Virginia Code § 18.2-460, on September 16, 2011, and sentenced him to twelve months' incarceration with twelve months' time suspended. Commonwealth v. Unger, No. GC10004703-00 (Clarke County Gen. Dist. Ct. Sept. 16, 2011). Petitioner did not appeal this conviction.

Petitioner alleges in the instant petition that his convictions violated due process because he had probable cause to call 911 and because the Sheriff's Deputies harassed him. The respondent argues that petitioner failed to exhaust state court remedies and that petitioner's claims lack merit. Petitioner argues in response that he filed with the Supreme Court of Virginia a motion for leave to proceed in forma pauperis, which he executed in November 2010.

2

II.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A petitioner cannot have exhausted state remedies if a petitioner has the right under the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). When a respondent challenges exhaustion, the petitioner bears the burden of establishing that he has in fact exhausted his available state court remedies. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner never exhausted his direct appeals nor his

habeas appeals to the Supreme Court of Virginia. Although petitioner alleges he sent the Supreme Court of Virginia a motion for leave to proceed in forma pauperis in November 2010 following the Circuit Court's dismissal of his habeas petition, petitioner fails to meet his burden that he presented his habeas claims to the Supreme Court of Virginia for its consideration. See Baker v. Corcoran, 220 F.2d 276, 289 (4th Cir. 2000) (stating fair presentation mandates that the claim be presented face up and squarely and that both the operative facts and legal authority be presented to the state court). Furthermore, the Circuit Court's record is devoid of any indicia that petitioner filed a notice of appeal. Therefore, the court may not review petitioner's habeas claims without providing the Supreme Court of Virginia the opportunity to review petitioner's claims. Accordingly, the instant petition is dismissed without prejudice so petitioner may refile his federal habeas claims after first permitting the Supreme Court of Virginia the opportunity to consider his state-habeas claims. Based upon the finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner and counsel of record for the respondent.

ENTER: This _29th_ day of March, 2011.

_/s/ James C. Turk_
Senior United States District Judge